## Morgan, et al. v. Perkins.

(Decided May 20, 1914.)

Appeal from Caldwell Circuit Court.

Assignments—Action Upon Note—Payment by Deposit—Evidence. —In an action by appellee upon a note of which by the assignment of a one-half interest of his sister he became sole owner, evidence examined and held that the assignment was actually made before the note became due, and prior to the time the payor claimed to have paid it by a deposit in bank to the credit of the sister, but even if she had had an interest such a deposit without authority from her would not operate as a payment, and such authority is not claimed.

S. D. HODGE, GEO. S. HARRALSON for appellant.

J. ELLIOTT BAKER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

On and prior to the 31st day of December, 1910, appellee, Henry L. Perkins, was the owner of a remainder interest in certain real estate in Princeton, Kentucky, his mother, Mary C. Perkins, being the owner of a life estate therein. On that day they sold and conveyed the same to appellant, J. F. Morgan, the consideration being $1,500, of which $400 was paid in cash, and two notes for $600 and $500 respectively were executed, payable jointly to Mary C. Perkins and Henry L. Perkins.

The $600 note was paid, and the $500 note was due on the 30th of June, 1911. On the 6th of June, 1911, Mary C. Perkins, one of the payees in the $500 note, assigned all of her interest therein, by writing on the back thereof, to Henry L. Perkins, whereby he became the sole owner of the note.

Appellee instituted this action seeking an enforcement of his purchase money lien, and the lower court adjudged him the relief sought, except that it credited the $500 note by $250, and from that judgment Morgan appeals and Perkins prosecutes a cross-appeal.

Appellant's answer denied that appellee was the owner of the note or that same was assigned to him on the 6th day of June, 1911, and alleges that Mary C. Perkins was the sole owner of the same on the 3rd day of July, 1911, at which time he paid same by depositing the amount thereof to her credit in the First National Bank of Princeton. To this appellee filed a reply denying the affirmative allegations in the answer, and in addition thereto alleging that after the note had been assigned to him Morgan had entered into a conspiracy with certain officers of the First National Bank for the purpose of defrauding him out of the money due on the note, and in pursuance of said conspiracy Morgan caused to be placed to the credit of Mary C. Perkins at said bank the sum of $515 in order that the bank might credit that amount on a note which it held against J. U. Perkins and on which note the said Mary C. Perkins was surety, thereby enabling the bank to collect its debt against J. U. Perkins; and denying that the deposit in the bank to the credit of Mary C. Perkins was a payment of the plaintiff's debt.

After the money had been placed to the credit of Mary C. Perkins, and had been credited by the bank on the J. U. Perkins note upon which she was surety, Henry L. Perkins, being unable to collect from Morgan anything on his debt, got in communication by wire with J. U. Perkins, who was his brother, presumably informing him that his (Henry L.'s) money had been appropriated to the payment of J. U. Perkins' note, and induced J. U. Perkins, a resident of Arkansas, to send him $250, which he did, and this $250 the lower court credited on the plaintiff's debt.

The evidence to the effect that the assignment was actually made on the 6th day of June before the note

became due is fairly satisfactory, and therefore Mary C. Perkins had no interest in the note on the 3rd of July when Morgan claimed to have paid it; but even if she had still an interest such a deposit without authority from her would not operate as a payment, and no such authority is claimed in this case.

The evidence is convincing that the deposit by Morgan in the Bank to the credit of Mary C. Perkins was made as a result of some understanding between Morgan and the bank officials.

It is apparent from the record that J. U. Perkins sent the $250 to his brother in order to relieve him to that extent from the embarrassment arising from the temporary appropriation of Henry L. Perkins's money to the payment of J. U. Perkins's debt, and in equity and good conscience it should have been credited upon the debt sued on.

The judgment is affirmed on both the original and cross-appeal.